**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER STROJNIK,<br><br>                            Plaintiff,<br><br>v.<br><br>8757 RIO SAN DIEGO MISSION VALLEY OWNER, LLC,<br><br>                            Defendant. | Case No.: 20cv0384 DMS (MSB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

      This case comes before the Court on Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the reasons discussed below, the motion is granted.

**I.**

**BACKGROUND**

      Plaintiff Peter Strojnik "has filed thousands of disability discrimination cases against hotel defendants in state and federal courts," *Strojnik v. Bakersfield Convention Hotel*, 436 F. Supp. 3d 1332, 1336 (E.D. Cal. 2020), and based on those filings he has been declared a vexatious litigant in at least the United States District Court for the Northern District of California, *see Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-

03983-DMR, 2020 WL 2838814, at *6-13 (N.D. Cal. June 1, 2020), and the United States District Court for the Central District of California. *See Strojnik v. SCG Am. Constr. Inc.*, No. SACV191560JVSJDE, 2020 WL 4258814, at *6-8 (C.D. Cal. Apr. 19, 2020).[1]

In the present case, Plaintiff alleges he "is an immigrant, a veteran, a senior citizen and a disabled individual as defined in the 2008 ADAAA, 28 C.F.R. 36.105, Cal. Civ. Code §1761(f) and … §1761(g)." (Second Am. Compl. ("SAC") ¶2.) Plaintiff claims he suffers from, among other conditions, "prostate cancer, … renal cancer, severe right-sided neural foraminal stenosis …, [and] missing right knee ameliorated with a prosthesis[.]" (*Id.* ¶4.) He alleges his disabilities limit many major life activities, including climbing stairs, reaching, lifting, grasping, pushing, opening doors, and "any sort of climbing, working, carrying stuff[.]" (*Id.* ¶5.b.) Plaintiff alleges he visited San Diego on January 24-25, 2020, (*id.* ¶17), and that he selected Defendant's competitor for lodging during his stay. (*Id.* ¶18.) Plaintiff claims that during his stay at the competitor's property he

---

[1] Although Plaintiff has not been declared a vexatious litigant by this Court, the CM/ECF system reflects he has filed at least twenty-two (22) cases here against other hotel defendants. *See Strojnik v. Pacifica Stratford Three, LLC*, Case No. 20cv0868 GPC (AHG); *Strojnik v. Lafayette Landlord, LLC*, Case No. 20cv0387 GPC (AGS); *Strojnik v. RBI Investors, L.P.*, Case No. 20cv0360 BAS (LL); *Strojnik v. Souldriver Lessee, Inc.*, Case No. 20cv0359 JAH (LL); *Strojnik v. Farah Partners, L.P.*, Case No. 20cv0358 LAB (BGS); *Strojnik v. Kamla Hotels, Inc.*, Case No. 19cv2212 AJB (AHG); *Strojnik v. Indoc Partners, LLC*, Case No. 19cv2211 LAB (BLM); *Strojnik v. Village 1017 Coronado, Inc.*, Case No. 19cv2210 BAS (MSB); *Strojnik v. Cherokee Lodge, LLC*, Case No. 19cv2148 AJB (AHG); *Strojnik v. Barrigon Inc.*, Case No. 19cv2147 AJB (RBB); *Strojnik v. 1315 Orange, LLC*, Case No. 19cv1991 LAB (JLB); *Strojnik v. Marla K. Hicks Trust*, Case No. 19cv1446 BAS (AHG); *Strojnik v. RNM Hospitality, Inc.*, Case No. 19cv1445 WQH (WVG); *Strojnik v. Bartell Hotels Management Co.*, Case No. 19cv1391 DMS (MSB); *Strojnik v. Martin Lizerbram*, Case No. 19cv1390 LAB (BLM); *Strojnik v. Prospect Hospitality*, Case No. 19cv1386 WQH (AHG); *Strojnik v. CWI 2 La Jolla Hotel, LP*, Case No. 19cv1381 GPC (MDD); *Strojnik v. GHALP Partnership, LP*, Case No. 19cv1187 LAB (RBB); *Strojnik v. La Jolla Bed and Breakfast, Inc.*, Case No. 19cv1186 WQH (KSC); *Strojnik v. Host Hotels and Resorts, LP*, Case No. 19cv909 WQH (WVG); *Strojnik v. Torrey Pines Club Corp.*, Case No. 19cv0605 BAS (AHG); *Strojnik v. Pendry San Diego LLC*, Case No. 19cv0305 LAB (AGS).

encountered numerous accessibility barriers, (*id.* ¶19), prompting him to visit Defendant's hotel "to determine whether *its* accessibility features would be adequate for Plaintiff's future intended travel and lodging in the area." (*Id.*) When Plaintiff arrived at Defendant's hotel, he alleges he encountered fifteen (15) distinct architectural barriers, including, among others, a staircase with inadequate signage to an accessible route, walking surfaces that are too steep, lack of accessible parking close to the entry, inaccessible seating in certain areas, and barriers to many public areas, all of which "affect[ed] Plaintiff's full and equal enjoyment of the facility based on his particular disability and thus causes him to be deterred from revisiting the Hotel." (*Id.* ¶20.)

As a result of his experience at Defendant's hotel, Plaintiff filed the present case. In his original Complaint, he alleged claims for violation of the Americans with Disabilities Act, California's Unruh Civil Rights Act, and a claim for negligence. The SAC realleges these claims and also adds a claim for violation of California's Disabled Persons Act.

## II.
## DISCUSSION

Defendant moves to dismiss the SAC in its entirety. It argues Plaintiff lacks standing to pursue his ADA claims and that he has failed to plead sufficient facts to support his negligence claim.

"[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). "Under the oft-repeated standing formulation, [the plaintiff] must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant]'s actions, and that the injury can be redressed by a favorable decision." *Id.* "In addition, to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [the plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future." *Id.* (quoting

*Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)).  An ADA plaintiff can meet this requirement "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Id.* at 944.  As noted in *Chapman,* a disabled person can establish Article III standing to pursue injunctive relief by showing "he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there" *Id.* Here, Plaintiff alleges he is "deterred from returning to the Hotel" after encountering various "architectural barriers to accessibility," (SAC ¶20), and will not return unless the property is rendered "fully ADA compliant[.]"  (*Id.* ¶25.)

      In the present motion, Defendant asserts both a facial and a factual attack on Plaintiff's pleadings, arguing Plaintiff has failed to show an injury in fact and threat of future injury.  (Mot. at 2.)[2]  "'In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.'" *Strojnik v. Hotel Circle GL Holdings, LLC*, No. 1:19-cv-01194-DAD-EPG, 2019 WL 6212084, at *2 (E.D. Cal. Nov. 21, 2019) (quoting *Safe Air for Everyone v. Meyer*, 383 F.3d 1035, 1039 (9th Cir. 2004)).  Courts approach facial attacks the same way they approach motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6): the plaintiff's allegations are taken as true and all reasonable inferences are drawn in the plaintiff's favor.  *Id.*  In a factual attack, "'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'"  *Id.* (quoting *Safe Air for Everyone*, 373 F.3d at 1039).  Unlike with facial challenges, courts

---

[2] In response to Defendant's motion, Plaintiff asserts Defendant did "not produce any extrinsic evidence relating to jurisdiction; therefore the challenge is facial." (Opp'n at 3.) This is incorrect as Defendant requests the Court to take judicial notice of both Google Maps and query results from a PACER search.  (*See* ECF No. 17-2, 17-3, 17-4.) Defendant also challenges Plaintiff's allegation that he intended to return to San Diego for a court hearing on July 24, 2020, and stay at the Defendant's property, (SAC ¶25), as the court hearing was vacated the same day Plaintiff filed his SAC, citing *Strojnik v. Evans Hotels,* 19-cv-00650-BAS-AHG, ECF No. 119.

consider extrinsic evidence with factual challenges.  In response to a factual challenge, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Luu v. Ramparts, Inc.*, 926 F. Supp. 2d 1178, 1180 (D. Nev. 2013) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir.2003)).

Turning first to Defendant's facial challenge, the Court finds Plaintiff has alleged sufficient facts in the SAC to support the element of injury-in-fact.  Plaintiff alleges facts showing specific barriers he encountered on Defendant's property and seeks to enjoin because the barriers pose real impediments to Plaintiff's access due to his particular disabilities. (*See* SAC ¶¶20-21.)  *See Chapman,* 631 F.3d at 953 (stating injury-in -fact exists where plaintiff seeks to enjoin barriers that "pose a real and immediate threat to him due to his particular disability").  Plaintiff also alleges sufficient facts to support his claim of future harm.  He alleges he has been to San Diego "over 200 times[,]" he "likes to stay at Marriott properties, like Defendant, because he is a member of Marriott Rewards and because Plaintiff owns 1 share of Marriott stock[,]" he "inten[ds] to lodge at Defendant's property as soon as he is advised by Defendant … that the property is fully ADA compliant[,]" and that his "current intent is to travel from Phoenix … into San Diego for a court hearing on July 24, 2020, and [to] stay at Defendant's Hotel provided that Defendant or its counsel confirm that accessibility barriers have been removed." (*Id.* ¶¶22-26.)  Accordingly, as a result of the "barriers to accessibility," Plaintiff alleges he is "deterred from returning to the Hotel," (*id.* ¶20), and will not return unless the property is rendered "fully ADA compliant[.]" (*Id.* ¶25.)[3]  These allegations, assuming them to be

---

[3] The Court notes that many district courts in the Ninth Circuit have questioned Plaintiff's allegations in similar cases, resulting in dismissal of Plaintiff's complaints.  *See*, *e.g.*, *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d at 1336; *Strojnik v. Hotel Circle Gl Holdings, LLC*, 2020 WL 4339984, at *4; *Strojnik v. Vill. 1017 Coronado, Inc.*, No. 19-CV-02210-BAS-MSB, 2020 WL 3250608, at *1 (S.D. Cal. June 16, 2020); *Strojnik v. IA Lodging Napa First LLC*, 2020 WL 2838814, at *1; *Strojnik v. Shandilya,*

true for purposes of Defendant's facial challenge to the SAC, are sufficient to show deterrence from returning to Defendant's property, and thus a "'real and immediate threat of repeated injury' in the future" absent injunctive relief. *See Chapman*, 631 F.3d at 946.

Defendant's factual attack, however, gets to the core of the parties' dispute. As noted in *Chapman,* to establish Article III standing, a plaintiff must demonstrate:

> an injury-in-fact and a sufficient likelihood of repeated harm. An ADA plaintiff must show at each stage of the proceedings either that he is deterred from returning to the facility or that he intends to return to the facility and is therefore likely to suffer repeated injury. *He lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine ….*

631 F.3d at 953 (emphasis added). Here, Defendant presents evidence in support of its motion to show Plaintiff is not truly deterred, but rather orchestrating a claim. The first is a printout from Google Maps showing the distance between Plaintiff's home and Defendant's hotel (330 miles, at a minimum), (Req. for Judicial Notice, Ex. 1), and the second is a printout from the PACER system that, according to Defendant, shows Plaintiff has been the attorney of record in more than 1,000 ADA cases filed since February 15, 2015. (*See* Req. for Judicial Notice, Ex. 2.)[4] Defendant also argues that Plaintiff's allegation that he intended to return to San Diego for a court hearing on July 24, 2020, in

---

*Inc.*, No. SACV200254DOCADSX, 2020 WL 4258811, at *1 (C.D. Cal. May 28, 2020); *Strojnik v. Host Hotels & Resorts, Inc.*, No. CV 19-00136 JMS-RT, 2020 WL 2736975, at *1 (D. Haw. May 26, 2020); *Strojnik v. SCG Am. Constr. Inc.*, No. SACV191560JVSJDE, 2020 WL 4258814, at *1 (C.D. Cal. Apr. 19, 2020); *Strojnik v. Four Sisters Inns, Inc.*, No. 219CV02991ODWJEMX, 2019 WL 6700939, at *1 (C.D. Cal. Dec. 9, 2019). A few courts have denied motions to dismiss Plaintiff's claims. *See Strojnik v. Resort at Indian Springs, LLC*, No. 19-CV-04616-SVK, 2020 WL 3470100, at *1 (N.D. Cal. June 25, 2020); *Strojnik v. Xenia Hotels & Resorts, Inc.*, No. 19-CV-03082-NC, 2020 WL 3060761, at *1 (N.D. Cal. June 9, 2020); *Strojnik v. 574 Escuela, LLC*, No. 3:18-CV-06777-JD, 2020 WL 1557434, at *1 (N.D. Cal. Mar. 31, 2020); *Strojnik v. GF Carneros Tenant, LLC*, No. 19-CV-03583-JSC, 2019 WL 5963244, at *1 (N.D. Cal. Nov. 13, 2019). Each case, of course, must be determined on its own facts.

[4] The Court notes that Plaintiff is listed as the attorney in the majority of cases on the 26-page PACER report. In the other cases, he is listed as the plaintiff.

*Strojnik v. Evans Hotels,* 19-cv-00650-BAS, "was not genuine." (Reply Br. at 5.) Defendant points out in that case the "defendant's motion to declare Strojnik a vexatious litigant" was set for hearing on July 24, 2020, but that "on or before June 9, 2020 [the date the SAC was filed], the parties reached a resolution of the matter and were drafting a settlement agreement." (*Id.*) Thus, according to Defendant, Plaintiff's "allegations regarding return to San Diego for the July 24 hearing were disingenuous at best or outright false." (*Id.*) Defendant also argues Plaintiff's allegation that he prefers to stay at Marriott hotels is false, as Plaintiff has a history of staying at many other hotels as "demonstrated by his numerous filings throughout California and the country." (*Id.* at 6.) Indeed, in *Strojnik v. Village 1017 Coronado, Inc.,* 2020 WL 3250608, at *3, the district court took judicial notice of the fact that Plaintiff had filed recent lawsuits against at least twenty-two (22) lodging establishments in San Diego, and that "[i]n each of these cases, Plaintiff alleges that he plans to return to this lodging establishment when the alleged barriers he encountered online are removed." *Id.* The court further stated, "[i]t defies credulity that Plaintiff intends to visit over twenty different establishments in San Diego when he lives in Phoenix." *Id.* Finally, Defendant notes that Plaintiff has no history of past patronage of the property in question except a single visit. Based on the forgoing, Defendant asserts Plaintiff "has no real intent to return in the future such that it is plausible to believe Plaintiff will suffer imminent harm justifying prospective injunctive relief." (Mot. at 1.)

Notably, Plaintiff failed to produce any evidence in response to Defendant's motion that supports his allegations concerning deterrence.[5]  Instead, he relies only on the

---

[5] "[D]emonstrating an intent to return to a noncompliant accommodation" is another way to establish threat of future harm. *Chapman,* 631 F.3d at 949. Plaintiff does not allege he intends to return to a noncompliant accommodation. Rather, Plaintiff's allegations are based solely on being deterred from returning to Defendant's property until and unless the property is rendered ADA compliant. To the extent Plaintiff argues he has alleged a claim based on an intent to return, the claim would fail for the reasons set out above. Plaintiff also failed to produce any evidence to support any allegation concerning an intent to return.

allegations in the SAC, which is insufficient to withstand Defendant's motion. *See Norkunas v. Wynn Resorts Holdings, LLC*, No. 2007 WL 2949569, at *3 (D. Nev. Oct. 10, 2007), aff'd, 343 F.3d 269 (9th Cir. 2009), ("Plaintiffs cannot rely only on an allegation that they desire to return to Wynn Las Vegas to survive Defendants' factual challenge.") Plaintiff's failure to present any evidence, standing alone, provides a sufficient basis for the Court to grant Defendant's motion. *See Luu*, 926 F.Supp.2d at 1180 (citing *Savage*, 343 F.3d at 1039 n.2) (stating party opposing factual challenge to subject matter jurisdiction "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.")

Based on the present record, and in light of the authority set out above, the Court finds Plaintiff has failed to satisfy his burden to establish Article III standing, specifically, that he is deterred from returning to Defendant's property, and thus will suffer a real threat of repeat injury in the future in the absence of injunctive relief. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's ADA claim, and dismisses that claim with prejudice and without leave to amend as any amendment would be futile. *See Strojnik v. Pasadena Robles Acquisition, LLC*, 801 Fed. App'x 569, 570 (9th Cir. 2020); *Strojnik v. Kapalua Land Co., Ltd.*, 801 Fed. App'x 531 (9th Cir. 2020) (affirming district court decisions to dismiss Plaintiff's complaints without leave to amend). Absent Plaintiff's ADA claim, the Court lacks supplemental jurisdiction over Plaintiff's other claims, and thus those claims are dismissed as well. *See Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) (stating court may decline to exercise supplemental jurisdiction over state law claims where it dismisses federal claim that provided original jurisdiction).

/ / /
/ / /
/ / /
/ / /
/ / /

## III.

## CONCLUSION AND ORDER

For the reasons set out above, the Court grants Defendant's motion to dismiss. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated:  September 16, 2020

Hon. Dana M. Sabraw
United States District Judge